**SICKER, Plaintiff-Appellant, v. POWERS et, Defendant-Appellees.**

Ohio Appeals, Fifth District, Coshocton County.

No. 266. Decided Dec. 17, 1946.

Harold E. Hunt and Wheeler & Ely, Coshocton, for plaintiff-appellant.

Vernon Weygandt and Russell E. Lyons, Coshocton, for defendant-appellees.

Before SHERICK, PJ, PUTNAM and MONTGOMERY, JJ, of the Fifth District.

## OPINION

By SHERICK, PJ.

This is a suit in equity for specific performance commenced after January 1, 1945, and appealed to this court on law and fact. The matter now comes on to be heard upon two motions, the first of which is by plaintiff-appellant for leave to file an amended petition in this court. In view of the second motion filed by defendant-appellees, and the holding of the court in **Bauer v Grimstead, 142 Oh St 56,** plaintiff's motion must be denied if defendants' motion is sustained, and allowed if the second motion be overruled. Appellees move for dismissal of the appeal on the ground that this court no longer has juris-

162

diction of such an appeal, and that appeals of this character have ceased to exist. The motion therefor presents the highly important and much controverted question; does the court of appeals now have jurisdiction to review a suit in chancery de novo? A history of this court's jurisdiction together with that of its predecessors becomes imperative.

The Constitution of 1851, as it existed prior to 1912, provided that District Courts, and later the Circuit Courts, should have:

"such appellate jurisdiction as may be provided by law."

This provision was clearly broad enough to empower the Legislature to enact a statute authorizing Ohio's intermediate courts to hear certain causes de novo. In conformity with this granted power the General Assembly enacted R. S. 5226, which later became old §12224 GC. It provided that a trial de novo was permitted in any case:

"where the right to demand a jury did not exist."

This statutory provision was thereafter considered and construed by the courts and limited to re-trials in chancery matters.

The Constitutional Amendment of 1912, Section 6 of Article IV, abolished the old Circuit Court and created its present successor in its stead, and further provided in part, that

"The Court of Appeals shall have original jurisdiction quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law."

This Constitutional Amendment clearly evidences the fact that the people saw fit to separately state and empower the Legislature to provide by law for appellate reviews in the two then accepted and recognized ways; one of which, which is of present interest, was then cared for in old §12224 GC.

The 1912 Amendment adopted the construction placed on §12224 GC by the courts, and its provision "where the right to demand a jury did not exist" was restricted to "the trial of chancery cases."

This Amendment accomplished a further purpose. It departed from statutory jurisdiction which could be created or undone at the whim of the Legislature under the Constitu-

tional provision of 1851; and made the Court of Appeals a Constitutional court, that is, a court whose jurisdiction was fixed and limited by Constitutional provision.

From 1912 up to 1944, beginning with **Cincinnati Polyclinic v Balch, 92 Oh St 415,** in 1915, it has been repeatedly held that the General Assembly was without power to enlarge or limit the jurisdiction of Courts of Appeal; but that it may provide by statute the method of practice and procedure to be pursued in the two then accepted methods of appellate review; and that courts of appeal derived their jurisdiction from the Constitution as amended in 1912, and from no other source.

In 1935 the Legislature enacted the Appellate Procedure Act. Its last provision repeals old §12224 GC, as did also House Bill 362 in 1929. See **113 Ohio Laws 685,** which termed §12224 GC as "obsolete, unconstitutional and unnecessary." It is now replaced by **Sub-Sec. 1** and **3** of **§12223-1 GC; Sub-Sec. 2** of **§12223-21 GC;** and **Sub-Sec. 1** of **§12223-22,** found in the new Appellate Procedure Act.

In 1944, **Sec. 6** of **Article IV,** (effective date Jan. 1, 1945) was again amended. It now reads:

"The Court of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the court of appeals within the district."

It will be recalled that the words "The court of appeals shall have * ' * jurisdiction * · * to review, affirm, modify or reverse * * * judgments * * * of courts * * ' as may be provided by law," appear in the 1912 Amendment. They clearly only applied to reviews on questions of law. It is noted that the words "and appellate jurisdiction in the trial of chancery cases," which only applied to re-trials de novo in appeals on law and fact, are dropped out of the 1944 Amendment. Sec. 6 of **Article IV** as it now stands written only provides for, first, original jurisdiction in the five extraordinary remedies; second, "and such jurisdiction as may be provided by law (no punctuation here) to review, affirm, modify, set aside or reverse judgments or final orders * * *."

It is therefore apparent that the Court of Appeals now has no Constitutional jurisdiction conferred upon it to re-try chancery cases, now known to us, since the Appellate Procedure Act, as appeals on "law and fact." The 1944 Amendment does not contain the words, "appellate jurisdiction in the trial of

chancery cases", or any other verbiage of like tenor suggesting that this court shall have jurisdiction to re-try de novo appeals of any character.

Several queries present themselves. Can the General Assembly under the present Constitutional provision now provide by statute for appeals in chancery cases, on law and fact? Does the present provision limit the legislative power to confer jurisdiction upon courts of appeals to reviews only on questions of law? Are not the sections of the Appellate Procedure Act previously noted and related sections thereof, which have to do with appeals on law and fact, repugnant to the 1944 Amendment of **Sec. 6, Article IV,** and if so, are they not in fact rendered inoperative thereby?

A member of the Ohio Judicial Council, who sponsored the 1944 Amendment, says, in 17 Ohio BAR, No. 14, Page 170, issue of July 3, 1944, that elimination of "and appellate jurisdiction in the trial of chancery cases", as it appeared in the 1912 Amendment, does not eliminate trials de novo, but only compulsory trials de novo; and that we are now where we were prior to the 1912 Amendment, when the then Constitutional provision read, that the Circuit Court should have "such appellate jurisdiction as may be provided by law." The members of this court are unable to distinguish any dual classification of trials de novo and compulsory trials .de novo. If an appellant had the right of appeal, he had the right to a trial de novo. It was the appellate court's right, however, to say whether the court would hear the evidence in the first instance, or that it should be referred to a master commissioner or a referee, and then be reported back to the reviewing court for final disposition. We note that **Union Trust Co. v Lessovitz, 122 Oh St 407,** is cited as authority. Confession being good for the soul, the scrivener of this opinion frankly admits, that as an associate judge in a two-man court, presided over by another, he sat in the Lessovitz case. It was properly reversed, because the presiding judge had required the appellant to proceed on the record when the appellant desired and was entitled to, a trial de novo, and a reference was not allowed.

**Sec. 12223-22 GC** of the Appellate Procedure Act provides in part, that,

"Appeals on questions of law and fact may be taken: (1) From any court, tribunal, commission, or officer to any court of record as may be provided by law."

.This section in its pertinent aspect, that is·to the jurisdiction of the Court of Appeals, but recognizes and reasserts the

jurisdictional clause found in the 1912 Amendment, "and appellate jurisdiction in the trial of chancery cases", which is elided from the 1944 Amendment. If §12223-22 GC and related sections did not and could not confer jurisdiction, which is held to be "unalterably fixed by **Sec. 6** of **Article IV** of the new Constitution" (1912 Amendment in **Cincinnati Polyclinic v Balch, 92 Oh St 415,** and reasserted in **Wagner v Armstrong, 93 Oh St 443 (446),** where §12223 GC was held unconstitutional, then the same conclusion must be equally true of §12223-22 GC and related sections if they attempt to confer jurisdiction, which they definitely do not.

Now when the people have seen fit to take out of their 1912 Constitution the jurisdiction previously reposed in Courts of Appeal to review chancery cases de novo, which must be considered as having been done with full knowledge, that the court in **Wagner v Armstrong, supra,** had previously held, that to "review, affirm, modify or reverse" as employed in the 1912 Amendment did not relate to trials de novo; how can it be said that the right of trial de novo still exists, but that its compulsory feature only is elided from the picture?

If courts may hold that provisions of the Appellate Procedure Act relating to appeals on law and fact are now in force and effect, must it not be held that the provision, that a trial de novo may be had in any case "where the right to demand a jury did not exist" as it existed in **Sec 6** of **Article IV** prior to 1912, or that the 1944 omission of "and appellate jurisdiction in the trial of chancery cases" as it appears in the 1912 Amendment, are still a part of the present State Constitution, which they definitely are not.

The fact is noted that the quoted provision of the 1912 Amendment is concluded with the words "as may be provided by law"; and that they are transposed in the 1944 Amendment and appear immediately after the clause conferring original jurisdiction, i. e., "and such jurisdiction as may be provided by law to review * * *". Can it be that this transposition works the elasticity claimed for it?· If so the words must be made to bear a totally new and different meaning than that placed thereon by the courts since 1912, and we stand where we were prior to 1912, as has been said. In fact, if this magic be true, the Court of Appeals is no longer a constitutional court but a statutory court when an appeal is one on law and fact. Were we not told during the advocacy of the 1944 Amendment that its purpose was to establish one trial and one review. If trials de novo still exist, and re-trials are properly demandable, then the 1944 Amendment did not accomplishh its major purpose.

It has been further advanced that the 1944 Constitutional Amendment prescribes that "all laws now in force, not inconsistent herewith, shall continue in force until amended or repealed"; and that this phrase preserves the jurisdiction of the Court of Appeals in trials de novo of equitable matters. There can be no question that this is true of those sections of the Appellate Procedure Act which relate to procedure and the manner of invoking the court's jurisdiction in reviews on questions of law, because they were consistent with the 1912 Amendment and compatible with the jurisdiction retained and again conferred by the 1944 Amendment. This rule is pointed out by Judge Thurman in **Cass v Dillon, 2 Oh St 607.**

But when the sections of the Appellate Procedure Act, which relate to procedure in law and fact cases are tested for consistency by the same clause, the words "not inconsistent herewith" cannot be overlooked. The last Amendment has purposely elided therefrom the 1912 jurisdictional clause "and appellate jurisdiction in the trial of chancery cases," and this purposeful omission withdrew such jurisdiction from Courts of Appeals. This being true, the procedural sections of the Appellate Procedure Act relating to appeals on law and fact ceased to be consistent with the 1944 Amendment and became inconsistent therewith and unresponsive thereto. It ought to follow that these sections, although never repealed, are now inoperative and repealed by implication. When the constitutional provision which made possible their lawful enactment expired by the 1944 edict of the people, these sections which were responsive to the power previously granted in the 1912 Amendment expired with its demise. It ought to be beyond cavil that a power once granted to the General Assembly and thereafter withdrawn, can only exist thereafter by legislative usurpation and assumption of a power which no longer exists or is countenanced by what is termed judicial legislation.

It is true that repeals by implication are not favored; and, as summed up by the author in 8 O. Jur. 176, Sec. 73, "to effect a repeal by implication, the inconsistency between the constitutional provision and the prior statute, as is true in establishing the invalidity of legislation, must be clear, strong, manifest, necessary, obvious and incapable of fair reconciliation." It appeals to this court that every test is met in the present instance. It is settled that a later statute, by implication, repeals a former inconsistent statute. This is exemplified in **Richards v Bank, 81 Oh St 348;** and in accordance with the same doctrine, a constitutional amendment in conflict

with a statute therefore lawfully enacted under a power then granted produces a like result. This is the conclusion of the court in **Euclid v Camp Wise Association, 102 Oh St 207** (214), wherein the further pertinent observation is made:

"But in determining the constitutionality of a statute the court may look farther than the measure of power of the legislature at the time of its enactment, and may properly determine its operative effect at any future time."

It will be recalled that §§3963 **and 14769 GC** imposed restrictions upon municipal waterworks, one of which was the furnishing of free water to charitable institutions. It was held that **Sec. 4** of **Article XVIII** of the State **Constitution** thereafter adopted in 1912 repealed these sections by implications.

The case of **State v Cameron, 89 Oh St 214,** we think ought to settle whether or not those sections of the Appellate Procedure Act, having to do with reviews on law and fact, are repealed by implication as being repugnant to and inconsistent with the provision of the 1924 Amendment. We further think that the momentous question now being considered finds its replica in the Cameron case. Therein the trial court had sustained a demurrer to a felony indictment, to which ruling the State excepted, and elected to procure a decision of the Supreme Court as to the law, under favor of §§13681 **to 13684 GC** inclusive. Counsel appointed by the court to sustain its judgment moved to strike the State's bill of exceptions from the files. This made the question as to whether or not the supreme court had jurisdiction to review the judgment. It was claimed that the Constitution of 1912 repealed these statutes, which provided for such reviews in both cases of felony and misdemeanors, by implication.

It was conceded therein from all quarters that the supreme court had prior to 1912, only such appellate jurisdiction as was conferred upon it by the General Assembly, for the reason that **Sec. 2** of **Article IV** of the **Constitution of 1851,** provided that it should have "such appellate jurisdiction as may be provided by law." The sections questioned and previously noted were lawfully enacted under the powers granted by the 1851 provisions, and thereunder, since 1867, the supreme court had reviewed judgment and decisions, and determined the law involved. It was further conceded that the same section and article as amended in 1912 provided in substance that "all appellate jurisdiction that the supreme court may exer-

cise is conferred directly by the Constitution itself," meaning the 1912 Amendment, which provides in part, that the supreme court shall have appellate jurisdiction "in cases of felony," limited only the phrase "on leave first obtained."

It is also well to note that the court in the Cameron case, page 215, begins its observations with reference to the schedule of the 1912 Constitution, and sets forth that portion thereof in italics, that: "all laws then in force, not inconsistent therewith shall continue in force until amended or repealed." It will be recalled that this sentence, word for word, appears in the 1944 Amendment.

And remembering that the 1912 Amendment limited the jurisdiction of the supreme court to "in cases of felony," the question made, was, did the 1912 Amendment repeal the prior existing lawfully enacted statutes (§§13681 to 13684 GC inclusive) which prescribed procedure, not only in cases of felony, but of misdemeanors as well. It was held that they were not repugnant, inconsistent and repealed by implication as to felonies. That is the exact situation in which the procedural statutes of the Appellate Procedure Act relating to appeals on questions of law now stand. The court, however, proceeded to say and hold, that the 1912 Amendment had deprived it of that jurisdiction previously possessed under the 1851 Constitution and the statutes enacted pursuant thereto, to review a criminal matter if it be a misdemeanor. If this portion of the court's opinion be obiter, the answer is that it is sound reason and the only logical conclusion that could be reached.

On pages 219 and 220 appear two observations that we would quote:

"If the statute exceeded the power conferred by constitution, then to the degree of the excess clearly that must fall by reason of repugnance."

"Now crimes in Ohio are divided into felonies and misdemeanors. The distinction is clear and well settled. Because the constitution omits criminal appellate jurisdiction in misdemeanors but expressly saves it as to felonies, that will not of itself cause the statutes to fall so far as cases of felonies are concerned. The two classes of cases are readily separable, and the court will have no difficulty in applying the statutes to felonies, though they are no longer applicable to misdemeanors."

The statement of Judge Shanck, appearing in State v Creamer, 83 Oh St 412, is apropos.

"The doctrine relating to appeals and amendments by implication applies alike to constitutions and statutes, and it requires that earlier expressions yield when it is necessary to give effect to the latest expression of the intention of those whose intention is entitled to control."

There remains one further rule of reason, if such be necessary, why the court of appeals no longer possesses jurisdiction to review equitable causes de novo. That rule, applied by many courts, where prior lawful statutes are restricted by subsequent constitutional amendment is that of "expressio unius est exclusio alterius." The people purposely left out of the 1944 Amendment "and appellate jurisdiction in the trial of chancery cases," which appears in the 1912 Amendment.

Is not the conclusion inescapable that if the Legislature now has any such power, that its acts, present and future, in the respect under consideration, would be superior to the will of the people, who withdrew that jurisdiction from the Court of Appeals in their 1944 Amendment.

Is not the answer to be found in the second syllabus of **Bauer v Grimstead, 142 Oh St 56**, wherein it is held that:

"The General Assembly has no power to enlarge or limit the jurisdiction of such courts (courts of appeal) except as such power is granted by the Constitution, but may determine and prescribe the method of exercising that jurisdiction."

The motion to dismiss the appeal on law and fact is sustained; but conforming to the latter portion of §12223-22 GC, the cause shall stand for hearing on appeal on questions of law. Appellant's motion for leave to amend is overruled; and it appearing that a bill of exceptions has already been filed, leave is granted litigants to file their briefs in accordance with the rules of court from the date hereof.

PUTNAM and MONTGOMERY, JJ, concur.

Application for re-hearing has since been allowed on authority of Youngstown Mun. Ry. Co. v. City of Youngstown, **147 Oh St 221**. Decided Dec. 18, 1946.